IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW MALEC, Individually, and on Behalf of All Others Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 1:19-cv-3966 ) |
| GUARANTEED RATE, INC. and JOSEPH PHELAN, individually, | ) ) ) |
| Defendants. | ) |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff, Matthew Malec ("Malec" or "Named Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned counsel, as and for their Class and Collective Action Complaint against Guaranteed Rate, Inc. ("Guaranteed") and Joseph Phelan (collectively "Defendants"), alleges as follows:

## JURISDICTION AND VENUE

1. Named Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 et seq., and the Illinois Minimum Wage Law, 820 ILCS § 105 *et seq.* (hereinafter the "IMWL"), to recover unpaid earned overtime compensation and for other relief. Plaintiff brings his FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b) and his IMWL claims as an Illinois state-law class action under Fed. R. Civ. P. 23(b)(3).

2. Jurisdiction over Named Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

1

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Malec is a resident of Cook County, Illinois. Malec was employed by Defendants as a Loan Officer at Defendants' office located at Naperville, Illinois from on or about November 1, 2013 to July 30, 2016. At all relevant times, Malec was an "employee" as defined by the FLSA, 29 U.S.C. § 203, and the Illinois Minimum Wage Law. Pursuant to 29 U.S.C. §216(b) of the FLSA, Malec's written consent to become a party plaintiff is attached hereto as Exhibit "A."

6. Guaranteed is an Illinois corporation with branch locations in various regions throughout the United States, including its corporate headquarters located at 3940 North Ravenswood, Chicago, Illinois 60613. At all relevant times, Guaranteed employed Loan Officers throughout the United States.

7. At all relevant times, Defendant Joseph Phelan ("Phelan") was the Vice President of Sales of Guaranteed. At all times relevant, Phelan exercised operational control over Guaranteed, controlled significant business functions of Guaranteed, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Guaranteed in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Phelan was an "employer" as defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS 105/3(c).

## FACTS

8. At all relevant times, Malec's primary job duties, and those of other Loan Officers employed by Defendants, were to originate, sell and process home mortgage loans for Defendants.

9. These duties primarily included dealing with potential borrowers by telephone and through email transmissions.

10. During his employment, Malec regularly worked seven days a week.

11. During his employment, Malec worked 50-60 hours each week.

12. During his employment, Malec performed his primary duties for Defendants at their office located at Naperville, Illinois, and also from a home office.

13. When he was first employed by Defendants, Malec was paid a draw for approximately three months. After this time, Defendants paid him on a commission-only basis.

14. When Malec was paid on a commission-only basis, Defendants paid him only when a loan he worked on closed and funded.

15. At all relevant times, Defendants improperly classified Malec and other Loan Officers as exempt from the overtime requirements of the FLSA and IMWL.

16. Defendants failed to make and maintain true and accurate records of all the time worked by Malec and other Loan Officers.

17. Defendants did not record the hours worked by Named Plaintiff and other Loan Officers during each day and each week of their employment.

18. Defendants knew or should have known that Named Plaintiff and other Loan Officers worked in excess of forty (40) hours during each week of their employment.

19. Defendants did not pay Named Plaintiff and other Loan Officers time-and-a-half their regular rates of pay for time worked in excess of forty (40) hours each week.

20. Other Loan Officers who have worked and still work for Defendants are subject to the same practices and policies to deprive them of overtime wages as the Named Plaintiff.

21. Defendants controlled and managed the work of Named Plaintiff and other Loan Officer, including the amount of overtime worked. Defendants dictated, controlled, and ratified all wage and hour, and other related employee compensation policies.

22. Defendants' failure to pay earned overtime wages was not in good faith, was willful, and done with reckless disregard for the rights of Named Plaintiff and other Loan Officers

23. As a result of Defendants' conduct, Named Plaintiff and other Loan Officers have suffered damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

24. Named Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the following collective:

> All Loan Officers who worked for Defendants at any time from three (3) years prior to the filing of this action to the entry of judgment who have not been paid overtime wages for all time worked in excess of forty (40) hours in any given workweek (hereinafter "FLSA Class").

25. The similarly situated putative plaintiffs are known to Defendants, are readily identifiable, and may be located through Defendants' records. They may be readily notified of this action, and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime wages.

26. Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Named Plaintiff and members of the proposed class.

## ILLINOIS CLASS ALLEGATIONS

27. Named Plaintiff also seeks to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of himself individually and all other similarly situated individuals

4

pursuant to the IMWL, 820 ILCS 105/1, *et seq.* to recover unpaid wages, unpaid overtime compensation, unlawfully withheld wages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed.

28. Section 105/4(a) of the IMWL requires employers to pay employees one and one-half times their regular rate of pay for all hours worked over 40 per week. Section 105/12 of the IMWL provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorneys' fees, damages of 2% per month compounding interest on the amount of any such underpayment for each month following the date of underpayments, and other appropriate relief.

29. Fed. R. Civ. P. 23(b)(3) provides that a cause of action may be maintained as a class action if the following elements are met:

   a. The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

   b. There are questions of law or fact common to the class which predominate over any questions affecting only individual members;

   c. The claims or defenses of the representative parties are typical of the claims or defenses of the class;

   d. Each representative plaintiff will fairly and adequately protect the interests of the class; and

   e. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### Class Definition

30. Plaintiff seeks certification of a class consisting of the following individuals:

All loan officers who worked for Defendants in Illinois at any time from three (3) years prior to the filing of this Action to the entry of judgment who have not been paid overtime for all time worked in excess of 40 in any given workweek (hereinafter the "Illinois Class").

**Numerosity**

31. Upon information and belief, dozens, if not hundreds of Illinois loan officers were employed by Defendants who were subject to the same practices challenged in this action as alleged above and not paid overtime compensation for all time worked in excess of 40 in given workweeks. Accordingly, Plaintiff satisfies the numerosity requirements as the proposed class is so numerous that joinder of all members is impracticable.

32. Members of the proposed class can be identified and located using Guaranteed's payroll and personnel records. Class members may be informed of the pendency of this action by direct mail and/or published and broadcast notice.

**Commonality**

33. There are questions of fact and law common to each class member and each of the respective classes which predominate over questions affecting only individual members, if any. Plaintiff, the members of the Illinois Class, and Defendantss have a commonality of interest in the subject matter and the remedy sought. The questions of fact and law common to each class member and each of the respective classes arising from Defendants' actions include, but are not limited to, the following:

(a) Whether Defendants encouraged, suffered, or permitted Plaintiffs to work before and/or after their scheduled shifts without pay;

(b) Whether Defendants failed to compensate class members for all the work they encouraged, suffered, or permitted class members to perform;

(c) Whether Defendants failed to keep true and accurate time records for all hours worked by the class members;

(d) Whether Defendants' failure to pay overtime was willful, repeated, or with reckless disregard of the IMWL; and

(e) Whether Plaintiffs suffered damages and the proper measure of those damages.

34. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Court, the Illinois Class and to the Defendant. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Classes are entitled.

### Typicality

35. Plaintiff's claims are typical of the claims of the class members he seeks to represent. As a result of Defendant's unlawful conduct, Plaintiff suffered similar injuries as those suffered by other members of the class he seeks to represent.

36. Upon information and belief, there are no other Illinois class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to Rule 23.

### Adequacy

37. Plaintiff is an adequate representative of the class he seeks to represent because he is a member of the class, and his interests do not conflict with the interests of the members of the class he seeks to represent. The interests of the class members will be fairly and adequately protected by Plaintiff and his undersigned counsel. Plaintiff has hired competent attorneys who are experienced in class action litigation of this type and who are committed to the prosecution of this Action.

### Predominance / Superiority

38. The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual class members.

39. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.

40. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for each class member to bring individual claims.

41. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests.

<u>COUNT I</u>
**VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938
29 U.S.C. §201 ET SEQ.
FAILURE TO PAY MINIMUM WAGES**

42. Named Plaintiff reasserts and re-alleges the allegations set forth in each of the paragraphs above.

43. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §207(a)(1).

44. Defendants routinely and regularly failed to pay class members the applicable

minimum hourly wage, in violation of 29 U.S.C. §206(a). As a result of Defendants' unlawful practices, Plaintiff and other members of the FLSA class suffered a loss of wages.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201, ET SEQ.
## FAILURE TO PAY OVERTIME WAGES

45. Named Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

46. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

47. Guaranteed was and is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce or in the production of goods for commerce.

48. Named Plaintiff and the FLSA class are individuals engaged in commerce because they regularly communicated with potential borrowers in several states throughout the United States by telephone and email transmissions.

49. At all times relevant to this Complaint, Defendants had, and continue to have, employees handle goods or materials that have moved in interstate commerce, including the Plaintiffs who worked as Loan Officers in Illinois.

50. Upon information and belief, the gross annual volume of sales made or business done by Guaranteed for the years 2016 to the present has not been less than $500,000.00 each year.

51. At all relevant times, Named Plaintiff and members of the FLSA Class have been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

52. Section 207(a)(1) of the FLSA states that an employer must pay its employees overtime equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 in any given workweek.

53. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Named Plaintiff and members of the FLSA Class overtime compensation as required by the FLSA.

54. Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA. However, none of the Section 13 exemptions apply to the Named Plaintiff or the similarly situated employees because they have not met the requirements for coverage under the exemptions.

55. Named Plaintiff and members of the FLSA Class are victims of a uniform company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all members of the FLSA collective action and has deprived them of overtime wages.

56. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA. Defendants have not acted in good faith with respect to the conduct alleged herein.

57. As a result of Defendants' violations of the FLSA, Named Plaintiff and the members of the FLSA Class have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT III**
**VIOLATION OF ILLINOIS MINIMUM WAGE LAW**
**820 ILCS § 105,** *et seq.*
**Failure to Pay Minimum Wages**

58. Named Plaintiff and the Illinois Class incorporate by reference all preceding paragraphs.

59. Defendants are "employers" and Named Plaintiff and the Illinois Class "employees" under the IMWL, 820 ILCS § 105 *et seq.*

60. The IMWL, 820 ILCS § 105, *et seq.*, requires employers to pay employees minimum wages for all hours worked. Section 105/12 of the IMWL provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorneys' fees, treble damages, and 5% of the amount of any such underpayment for each month following the date of underpayments, and other appropriate relief.

61. Defendants violated the IMWL, 820 ILCS § 105 *et seq.*, by regularly and repeatedly failing to properly pay minimum wages to Plaintiff and the Illinois Class.

62. As a direct and proximate result of Defendants' unlawful conduct, Named Plaintiff and the Illinois Class have suffered and will continue to suffer lost wages and other damages.

## COUNT IV
## VIOLATION OF ILLINOIS MINIMUM WAGE LAW
## 820 ILCS § 105, *et seq.*
## **Failure to Pay Overtime Wages**

63. Named Plaintiff and the Illinois class incorporate by reference all preceding paragraphs.

64. The IMWL, 820 ILCS § 105, *et seq.*, requires employers to pay employees overtime wages for all hours worked. Section 105/12 of the IMWL provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorneys' fees, treble damages, and 5% of the amount of any such underpayment for each month following the date of underpayments, and other appropriate relief.

65. Defendants violated the IMWL, 820 ILCS § 105 *et seq.*, by regularly and repeatedly failing to properly pay overtime wages to Plaintiff and the Illinois Class.

66. As a direct and proximate result of Defendant's unlawful conduct, Named Plaintiff and the Illinois Class have suffered and will continue to suffer lost wages and other damages.

**PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiff, individually and on behalf of all others similarly situated, by and through their attorneys, Stephan Zouras, LLP, the Law Offices of Erik H. Langeland, P.C., and Tostrud Law Group demand judgment against Defendants, jointly and severally, and in favor of Named Plaintiff and all others similarly situated, for a sum that will properly, adequately, and completely compensate Named Plaintiff and all others similarly situated for the nature, extent, and duration of the damages, costs of this action, and as follows:

   A.  Order the Defendants to file with this Court and furnish to counsel a list of all names and addresses of all Loan Officers who currently work for or who have worked for Defendants within the last three years;

   B.  Authorize Plaintiffs' counsel to issue a notice at the earliest possible time to all current and former Loan Officers employed by the Defendants during the six years immediately preceding this Action, informing them that this Action has been filed, of the nature of the Action, and of their right to opt into this lawsuit if they worked in excess of forty (40) hours in a week during the liability period, for which they were not paid required overtime in accordance with the FLSA and [Illinois statute].

   C.  Certify this case as a Rule 23 class action under the state law of Illinois;

   D.  Declare and find that the Defendants committed one or more of the following acts:

       1.  Violated provisions of the FLSA by failing to pay minimum wages and/or overtime wages to Named Plaintiff and similarly situated persons who opt into this Action;

       2.  Willfully violated the minimum wage and overtime provisions of the FLSA;

    3.    Violated the provisions of the IMWL by failing to pay overtime and minimum wages and to Plaintiff Malec and all Illinois class members;

    4.    Failed to pay wages when due to Plaintiff Malec and all Illinois class members in violation of the IMWL;

    5.    Failed to provide complete written statements concurrent with the payment of wages to Plaintiff Malec and all Illinois class members in violation of the IMWL;

E.    Award compensatory damages, including all minimum wages and overtime compensation owed, in an amount according to proof;

F.    Award liquidated damages under the FLSA;

G.    Award treble damages under the IMWL;

H.    Award statutory interest on all claims and other compensation due accruing from the date such amounts were due;

I.    Award all reasonable attorney's fees and costs incurred;

J.    Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

K.    Provide such further relief as the Court deems just and equitable.

## **JURY DEMAND**

Plaintiffs hereby demands a trial by jury.

Dated: June 13, 2019              Respectfully Submitted,

                                                /s/ *James B. Zouras*
                                                James B. Zouras
                                                Ryan F. Stephan
                                                Haley R. Jenkins
                                                Stephan Zouras, LLP
                                                100 N. Riverside Plaza, Suite 2150
                                                Chicago, Illinois 60606

312-233-1550
312-233-1560 f
jzouras@stephanzouras.com
www.stephanzouras.com


*/s/ Erik H. Langeland*_____
Erik H. Langeland*
The Law Offices of Erik H. Langeland, PC
733 Third Avenue, 15th Floor
New York, New York 10017
(212) 354-6270
(212) 898-9086 f
elangeland@langelandlaw.com

* Subject to admission to this Court *pro hac vice*



**ATTORNEYS FOR NAMED PLAINTIFFS AND THE PUTATIVE CLASS AND COLLECTIVE**

14

## **CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on June 13, 2019, I electronically filed the attached with the Clerk of the Court using the ECF system which will send such filing to all attorneys of record.

                                                          */s/ James B. Zouras*